IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DERRELL DICKERSON, | ) |
| *Plaintiff*, | ) ) ) |
| -*vs*- | ) No. ) |
| ROCK ISLAND POLICE OFFICER IBRAHIM RAMIREZ, SHERIFF OF ROCK ISLAND COUNTY, and COUNTY OF ROCK ISLAND, | ) ) *(jury demand)* ) ) ) ) |
| *Defendants*. | ) |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.   This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a(a)(2), and 28 U.S.C. §1343.

2.   Plaintiff Derrell Dickerson is a disabled resident of the Central District of Illinois. Dickerson is a double leg and left arm amputee who is able to ambulate with prosthetic legs. Plaintiff is not currently confined in any jail or prison.

3. Defendant Rock Island Police Officer Ibrahim Ramirez was at all times relevant acting color of his authority as a police officer of the City of Rock Island, Illinois.

4. Defendant Sheriff of Rock Island County is sued in his official capacity.

5. Defendant County of Rock Island is joined in this action in accordance with *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

6. On February 17, 2011, defendant Ramirez unreasonably arrested plaintiff for a misdemeanor which had not been committed in Ramirez' presence.

7. Defendant Ramirez used excessive and unreasonable force in making the above referred arrest and caused plaintiff to receive personal injuries.

8. Following the above referred arrest, and after receiving treatment at a hospital, plaintiff was held at the Rock Island County Jail from on or about February 18, 2011 to February 20, 2011.

9. Plaintiff entered the Rock Island County Jail wearing his prosthetic legs; correctional officers, whose names are presently unknown to plaintiff, required plaintiff to remove his prosthetic legs and crawl into a

detention cell. The officers did not allow plaintiff access to either of his prosthetic limbs.

10. Plaintiff remained in the detention cell without his prosthetic limbs until he was released on bond on February 20, 2011.

11. While in the detention cell, plaintiff was unable to ambulate from the floor to the bed or to the toilet; plaintiff managed to sit up for short periods on several occasions, but otherwise was on his back on the floor of the detention cell.

12. While on his back on the floor of the detention cell, plaintiff informed various correctional officers that he was in pain, required his prosthetic legs or a wheel chair, and was in need of medical attention. Jail personnel ignored all of plaintiff's requests for help, causing plaintiff to be denied access to services available to non-disabled prisoners at the jail, undergo great pain and suffering, and incur physical injury.

13. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourth and Fourteenth Amendment to the Constitution of the United States, § 202 of the Americans with Disabilities Act of 1990(ADA) and § 504 of the Rehabilitation Act of 1973.

14. Plaintiff hereby demands trial by jury.

WHEREFORE, the Plaintiff requests that Judgment be entered in his favor in an amount in excess of one hundred thousand dollars, plus attorney fees and costs, against the Defendants and that appropriate punitive damages be awarded against defendant Ramirez.

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC 0830399
200 South Michigan Ave Ste 1240
Chicago, Illinois 60604
(312) 427-3200

*Attorney for Plaintiff*