IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DERRELL DICKERSON,<br>    Plaintiff,<br><br>v.<br><br>ROCK ISLAND POLICE OFFICER IBRAHIM RAMIREZ, CITY OF ROCK ISLAND, SHERIFF OF ROCK ISLAND COUNTY, and COUNTY OF ROCK ISLAND,<br>    Defendants. | Case No. 4:13-cv-04003-JES-JEH |

### Order

Now before the Court is Defendant City of Rock Island's Motion for Severance and Stay of Discovery on Plaintiff's Monell Claim Against Defendant City of Rock Island (Doc. 57) and Defendant Sheriff of Rock Island County's and Defendant Rock Island County's Response to Defendant City of Rock Island's Motion for Severance and Stay of Discovery on Plaintiff's Monell Claim Against Defendant City of Rock Island and Motion for Separate Trials (Doc. 59). The Plaintiff filed a Response in Opposition to Defendant City of Rock Island's Motion to Sever and Stay Discovery on Plaintiff's Monell Claim Against Defendant City of Rock Island (Doc. 61) and a Statement of Non-Opposition (Doc. 63). Defendant City of Rock Island also filed a Response to Plaintiff's Response in Opposition to Defendant City of Rock Island's Motion to Sever and Stay Discovery on Plaintiff's Monell Claim Against Defendant City of Rock Island (Doc. 64). For the reasons set forth below, Defendant City of Rock Island's Motion for Severance and Stay of Discovery on Plaintiff's Monell Claim Against

1

Defendant City of Rock Island is GRANTED and Defendant Sheriff of Rock Island County's and Defendant Rock Island County's Motion for Separate Trials is DENIED.

I

After the Court granted the Plaintiff's Motion for Leave to File First Amended Complaint on March 6, 2015, the Plaintiff filed his Amended Complaint (Doc. 41) on March 12, 2015 naming as Defendants Rock Island Police Officer Ibrahim Ramirez (Ramirez) in his official capacity, the City of Rock Island (City), the Sheriff of Rock Island County, and the County of Rock Island (County Defendants).  The Plaintiff alleged excessive force by Defendant Ramirez, Defendant City's policies, practices, and customs as the cause of the Plaintiff's injuries (the *Monell* claim)[1], and County Defendants' refusal to provide the Plaintiff reasonable accommodations.

As a result of the Plaintiff filing his Amended Complaint, the Court held a status conference with the parties to discuss the need for additional discovery as to Defendant Ramirez.  The Court vacated the schedule then in place and re-set the discovery deadline only as to Defendant Ramirez, re-set the dispositive motion deadline to September 29, 2015, and re-set the Final Pretrial Conference and Trial to early 2016.  Answers to the Amended Complaint were filed on April 1, 2015.

Defendant City filed its Motion to Sever and Stay of Discovery on Plaintiff's Monell Claim Against Defendant City on August 3, 2015.  In support of its Motion, Defendant City request that the Court should bifurcate the case and enter an order severing the Plaintiff's *Monell* claim against Defendant City

---

[1] In *Monell v Department of Social Services of City of New York*, 436 US 658, 690 (1978), the Supreme Court held that "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."

from the claims against Defendant Ramirez and the County Defendants, and stay discovery on the *Monell* claim until there has been a determination on the underlying claim against Defendant Ramirez. The County Defendants filed their joint Response and Motion for Separate Trials indicating no objection to Defendant City's request to sever the *Monell* claim from the individual claim against Defendant Ramirez, and requesting that the Court enter an order that separate trial be held for the claims alleged against them.

## II

### A

Federal Rule of Civil Procedure 42(b) states, in relevant part, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FRCP 42(a) permits separation where the court determines that separate trials would avoid prejudice to a party or promote judicial economy. *Houseman v US Aviation Underwriters*, 171 F3d 1117, 1121 (7th Cir 1999). Only one of those criteria must be met for a court to order separation. Id. In the context of cases involving *Monell* claims, parties often request pursuant to FRCP 42(b) that the claims against a municipality be severed from claims against the individual defendants and that *Monell* litigation be stayed until the rest of the case is resolved.

As an initial matter, the Court does not find that Defendant City's Motion is untimely. As indicated at the hearing on August 5, 2015, the timing of the Motion was not so "late" as to deny it outright. Defendant City has explained the necessary steps it went through to receive authorization from the City of Rock Island City Council to enter into a stipulation to entry of judgment against Defendant City on June 22, 2015, and the City further explained the necessary steps it went through to receive authorization from its liability insurance carrier

to tender the stipulation upon entry of judgment on July 27, 2015. The Plaintiff did not even amend his Complaint to include a *Monell* claim until the case had already been pending more than two years. Moreover, Defendant City did not even receive discovery requests until May 6, 2015, nearly two months after the Plaintiff filed his Amended Complaint. In light of the timing of those two events, the procedural history in this case generally, and the City's explanation of efforts it took regarding the *Monell* claim, Defendant City's filing of its Motion for Severance and Stay cannot be viewed as untimely nor can granting it be viewed to cause unnecessary delay in this case.

Next, Defendant City argues that there can be no municipal liability in this case in the absence of individual officer liability. The Plaintiff argues to the contrary, asserting that he may still recover against the City if he prevails on his claim of constitutional injury but Defendant Ramirez is found not liable due to qualified immunity. The Seventh Circuit has made clear that "a municipality can be held liable under *Monell*, even when its officers are not, unless such a finding would create an *inconsistent* verdict." *Thomas v Cook County Sheriff's Department*, 604 F3d 293, 305 (7th Cir 2009) (emphasis supplied), citing *City of Los Angeles v Heller*, 475 US 796, 798-99 (1986). To determine whether an inconsistent verdict would result, the court must consider: 1) the nature of the constitutional violation; 2) the theory of municipal liability; and 3) the defenses set forth. Id.

As noted above, the Plaintiff highlights the fact that Defendant Ramirez has pled the affirmative defense of qualified immunity. However, the defense of qualified immunity does not, by itself, preclude bifurcation. Courts have recognized that the probability of succeeding on a qualified immunity defense in an excessive force case is low. See *Elrod v City of Chicago*, 2007 WL 3241352, *5 (ND Ill) ("[T]he likelihood of a defendant prevailing on that defense in the context of an excessive force claim has not been a persuasive argument against

bifurcation"); *Grant ex rel Estate of Ware v City of Chicago*, 2006 WL 328265, *3 n 2 (ND Ill) (explaining that the court was at a loss to imagine how the plaintiff could lose his claim against a police officer based on qualified immunity but still recover against the municipality where the facts alleged clearly stated a claim for excessive force, and the right to be free from excessive force was clearly established).

The nature of the constitutional violation considered together with the theory of municipal liability as alleged in the Amended Complaint suggest that an inconsistent verdict may be created if the claims are not bifurcated. The Plaintiff alleges that Defendant Ramirez used excessive force and that Defendant City has a pervasive practice and custom of failing to adequately train, supervise, control, discipline, and dismiss its officers concerning the use of excessive force, as well as a policy of inadequately reporting, reviewing, and investigating use of force and excessive force incidents, and finally a code of silence. To hold Defendant City liable under *Monell* while holding Defendant Ramirez *not* liable for excessive force would create an inconsistent verdict, at least insofar as the Plaintiff alleges City liability based upon failure to train. *Sallenger v City of Springfield*, 630 F3d 499, 504 (7th Cir 2010). Stated differently, the Plaintiff's claim against Defendant Ramirez is not sufficiently independent of his claim against Defendant City that a "not liable" verdict for Ramirez would be consistent with a "liable" verdict against the City.

Third, Defendant City argues that refusal to bifurcate will result in unfair prejudice to Defendant Ramirez because the presentation of evidence of an alleged City wide policy, practice, or custom involving multiple improper police actions would create a perception that the police department routinely acts improperly even if Ramirez acted properly in this case. The City further argues that bifurcation would in no way prejudice the Plaintiff because the Amended

Complaint seeks only monetary damages from all Defendants.  The Plaintiff, however, argues that bifurcation would prejudice him because it would effectively bar him from pursuing his *Monell* claims and would therefore deprive him of non-economic incentives as well as costs which are not accounted for in the City's proposed Stipulation.[2]

The Defendant correctly points out that the Stipulation does not bar the Plaintiff from pursuing a *Monell* claim.  The Stipulation, therefore, does not give the Court pause in considering whether to bifurcate this case because it instead serves to streamline the case and does not interfere with the Court's preservation of the federal right to a jury trial.  See FRCP 42(b).  The Court also rejects the Plaintiff's argument that bifurcation would deprive him of non-economic incentives as well as costs as a basis to deny the Motion for Severance and Stay.  While the Court does not entirely disregard the case law that discusses the non-economic incentives to be gained by a judgment naming the municipality itself, the Court is mindful that non-economic incentives often result from damages awards.  Indeed, the Supreme Court has made that fact clear.  In *Owen v City of Independence*, the Supreme Court explained, "A damages remedy against the offending party is a vital component of any scheme for vindicating cherished constitutional guarantees . . . . "  445 US 622, 650 (1980).  In the end, the Plaintiff here only seeks monetary damages and bifurcation will not prevent him from recovering those damages.  See *Carr v City of North Chicago*, 908 F Supp 2d 926, 935 (ND Ill 2012) ("Since the City will be paying any compensatory damages, the City may feel an incentive to change"), citing *Parker v Banner*, 479 F Supp 2d 827,

---

[2] Defendant City "is offering a Stipulation to Entry of Judgment Against Defendant, City of Rock Island, for entry of a judgment against it for compensatory damages, and to the extent allowed by the Court, reasonable attorney fees pursuant to 42 U.S.C. § 1988, if an only if the finder of fact in this case finds that any employee of the City of Rock Island violated Plaintiff's constitutional rights as alleged in the complaint." (Doc. 57 at pg. 5).  The Court has reviewed the proposed Stipulation attached to the Motion for Severance and Stay as Exhibit 2.

829 (ND Ill 2007). Also, nothing in the Stipulation precludes the Plaintiff from attempting to obtain costs. Ultimately, the Court finds that without bifurcation, the *Monell* claim against the City would so infect everyone else in the case such that prejudice to the other Defendants would result.

Finally, Defendant City argues that the question of whether it maintains a practice, policy, or custom regarding failing to discipline or failing to train is a fact-intensive and onerous undertaking which supports bifurcation as it would promote judicial economy. The Plaintiff disputes that bifurcation will promote judicial economy where it will only serve to delay discovery and trial on his *Monell* claims and thus strain more judicial resources where the parties would need to conduct two rounds of discovery and two trials.

The Plaintiff acknowledges that *Monell* discovery is, by definition, broad and wide-ranging. He disputes the City's argument suggesting that the broad scope of *Monell* discovery is, by itself, not judicially economical and, therefore, a reason to grant bifurcation. Nevertheless, it is for that very reason of *Monell* discovery being broad and wide-ranging that courts so often order bifurcation in cases involving *Monell* claims in order to promote judicial economy; *Monell* discovery may cause delays that can otherwise be avoided. It is for that reason that the Court finds that bifurcation is warranted in this case. Here, the amount of discovery the Plaintiff seeks on his *Monell* claim would delay this case even further because of the sheer amount of discovery sought as to that claim as well as the time it will take simply to complete the voluminous discovery requests. Judicial resources have already been expended where discovery on all other claims is complete, thus the fact that such resources may have to be expended twice-over is of no consequence at this time. Judicial economy is further promoted in this particular case by bifurcation where the Plaintiff may not even

be able to proceed on his *Monell* claim (therefore obviating the need for discovery on that claim) if he does not succeed on his claim against Defendant Ramirez.

Defendant City's Motion for Severance and Stay is granted. The Plaintiff's *Monell* claim against Defendant City is severed from the claims against Defendant Ramirez and Defendant County. Discovery on the *Monell* claim is stayed until there has been a determination on the underlying claim against Defendant Ramirez.

**B**

The County Defendants request that the Court enter an order that a separate trial be held for the claim against them. They argue that there is a strong risk of jury confusion regarding the nature of the two similarly named entities of the City of Rock Island and Rock Island County and who is responsible for oversight and policy regarding the separate claims since individuals arrested by the City are detained in the County jail. While the Plaintiff indicates no opposition to the County Defendants' request for separate trials, he believes that any potential jury confusion or prejudice could be easily cured through the Court's provision of limiting or clarifying instructions to the jury regarding the distinct Defendants.

The Court agrees with the Plaintiff that any potential jury confusion or prejudice can be avoided through jury instructions. The claims against Defendant Ramirez, Defendant City, and the County Defendants are, respectively, sufficiently discrete from one another. In light of the Court ordering the severance of the *Monell* claim from the claims against Defendant Ramirez and the County Defendants, the risk of jury confusion or prejudice is minimized even further. To hold a separate trial for the claim against the County Defendants would mean the Court would potentially have to oversee three separate trials. In this instance, the Court finds both that the County Defendants

will not be prejudiced if the claim against them is *not* tried alone and that judicial economy will not be promoted if the claim against them *is* tried alone.

### III

For the foregoing reasons, the Defendant City of Rock Island's Motion for Severance and Stay of Discovery on Plaintiff's Monell Claim Against Defendant City of Rock Island (Doc. 57) is GRANTED and the County Defendants' Motion for Separate Trials (Doc. 59) is DENIED. The Plaintiff's *Monell* claim against Defendant City is severed from the claims against Defendant Ramirez and Defendant County. Discovery on the *Monell* claim is stayed until there has been a determination on the underlying claim against Defendant Ramirez.

*It is so ordered.*

Entered on September 10, 2015.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE