**E-FILED**
Tuesday, 05 July, 2016  12:00:41 PM
Clerk, U.S. District Court, ILCD

IN THE
**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| DERRELL DICKERSON,<br>        Plaintiff,<br><br>v.<br><br>ROCK ISLAND POLICE OFFICER<br>IBRAHIM RAMIREZ, CITY OF<br>ROCK ISLAND, SHERIFF OF ROCK<br>ISLAND COUNTY and COUNTY<br>OF ROCK ISLAND,<br>        Defendant. | Case No. 4:13-CV-04003-JEH |

**Order**

Before the Court are Plaintiff, Derrell Dickerson's, Motion to Withdraw Settlement Agreement (D. 96), Motion to Remove Attorney from Case (D. 97), and Second Motion to Remove Attorney from Case (D. 100).[1]  For the reasons set forth below, the motions are DENIED.

**I**

On March 10, 2015, the Plaintiff filed his Amended Complaint in which he alleged that he was "unreasonably arrested" on February 17, 2011, injured by the arresting officer's "unreasonable force" used against him during the arrest, and then placed in the Rock Island County Jail from February 18, 2011 to February 20, 2011. Dickerson alleged that Defendant Officer Ramirez used excessive force when arresting him and that "[t]his misconduct was undertaken pursuant to the [Defendant] City of Rock Island's pervasive, long-standing, practices and customs relating to its officers' use of excessive and unreasonable force." (D. 41 at

---

[1] Citations to the Docket Filing Number are abbreviated as "D. __."

1

ECF p. 3). He also made three claims against the Sheriff of Rock Island County (Sheriff) and the County of Rock Island (County) based upon the circumstances of his detention at the jail: 1) a violation of the Rehabilitation Act (RA); 2) a violation of the Americans with Disabilities Act (ADA); and 3) a violation of 42 U.S.C. § 1983.[2]

At the request of the parties, Magistrate Judge Stephen Jackson, Jr. held a settlement conference with all parties on March 1, 2016. At the conclusion of that settlement conference, the parties reported that the case was settled as to all Defendants. The material terms of the settlement agreements were stated on the record before Magistrate Judge Jackson and Dickerson stated on the record that he understood the material terms of the agreement, that he agreed to be bound be the terms of the agreement, and that he had discussed everything with his attorney.[3]

On March 28, 2016, Dickerson filed a Stipulation of Dismissal, dismissing all claims against the Sherriff and the County, pursuant to the settlement agreement. (D. 93). However, on May 26, 2016, Dickerson himself, *i.e.* not through counsel, filed a Motion to Withdraw Settlement as it relates to Officer Ibrahim and the City of Rock Island. (D. 96). Most of the motion is gibberish, but Dickerson does legibly assert that he was "miss led[sic] in this case." *Id.* Then, on May 31, 2016, Dickerson filed a Motion to Remove Attorney from his case. (D. 97). In that motion, he again asserts that his attorney "misled me." *Id.* He states that he did not want to "take this plea," that he owes Medicaid $27,000, and that he will only receive $7,000 from the settlement. *Id.* Dickerson filed a second

---

[2] The parties consented to the jurisdiction of a Magistrate Judge in this case. (D. 67).
[3] The facts surrounding the record made before Magistrate Judge Jackson come from the audio recording made of the hearing, which is part of the record in this case.

Motion to Withdraw Attorney on June 15, 2016, which is also mostly gibberish, although he does reassert that he was misled by his attorney. (D. 100).

This Court held a hearing on all pending motions, with Dickerson personally present, on June 28, 2016. At that hearing, Dickerson made clear that the basis for all his motions was the existence of a Medicaid lien which, according to him, would reduce the amount of money he expected to receive from the settlement. Dickerson's counsel noted that at the settlement conference, counsel and Dickerson had agreed upon how the settlement proceeds would be divided between them. When the existence of the Medicaid lien became known, Dickerson's counsel began efforts to negotiate the amount of the lien down, or away entirely, but those efforts were stopped when Dickerson sought to remove his counsel.

## II

The question of whether to enforce a settlement agreement is question of state law. *Dillard v. Starcon Intern. Inc.,* 483 F.3d 502, 507 (7th Cir. 2007). Under Illinois law, an oral settlement agreement is enforceable if "there is clearly an offer and acceptance of the compromise and a meeting of the minds as to the terms of the agreement." *Wilson v. Wilson,* 46 F.3d 660, 666 (7th Cir. 1995) (quoting *Brewer v. Nat'l R.R. Corp.,* 256 Ill.App.3d 1083, 194 Ill.Dec. 834, 628 N.E.2d 331, 335 (1993)). The essential terms must be "definite and certain" so that a court can ascertain the parties' agreement from the stated terms and provisions. *Quinlan v. Stouffe,* 355 Ill.App.3d 830, 291 Ill.Dec. 305, 823 N.E.2d 597, 603 (2005). Whether a "meeting of the minds" occurred depends on the parties' objective conduct, not their subjective beliefs. *Paxton–Buckley–Loda Educ. Ass'n, IEA–NEA v. Ill. Educ. Labor Relations Bd.,* 304 Ill.App.3d 343, 237 Ill.Dec. 908, 710 N.E.2d 538, 544 (1999).

The record made before Magistrate Judge Jackson clearly demonstrates that an enforceable agreement was entered into by the parties; Dickerson in fact does not assert otherwise. Rather, Dickerson's complaint rests primarily with his attorney and his understanding of how much of the proceeds from the settlement he would receive. Nowhere does he assert that he misunderstood the terms of the agreement he entered into with the Defendants. Nor does he assert that the Defendants have failed to or intend to fail to perform under the terms of the agreement.

Accordingly, the Court orders the Defendants to tender payment to Dickerson's counsel within 30 days, pursuant to the terms of the settlement agreement reached. Upon tendering such payment, the Defendants will be released from any and all claims according to the terms agreed upon in the settlement agreement.  Additionally, upon tendering such payment, the Defendants shall file a Notice with this Court informing the Court that the Defendants have fully performed under the settlement agreement, at which time this Court will dismiss the case with prejudice. Dickerson's Motion to Withdraw Settlement is therefore DENIED.

### III

There remains the issue of Dickerson's Motions to remove his counsel due to his assertion that his counsel "misled" him regarding the apportionment of the settlement proceeds between him and his counsel. Given that counsel has only one ministerial task to perform in this case, *i.e.* provide Dickerson with his share of the proceeds of the settlement received from the Defendants, the Court DENIES Dickerson's motions to remove his counsel. The only task remaining for counsel is to receive the settlement proceeds from the Defendants and distribute Dickerson's share to him.

4

If Dickerson's counsel believes that he cannot distribute any settlement proceeds to Dickerson without the Court first resolving any dispute between Dickerson and counsel on what the agreement for fees is, then Dickerson's counsel should file an appropriate motion with this Court asking it to resolve the fee dispute. *See Baer v. First Options of Chicago, Inc.,* 72 F. 3d 1294, 1301 (1995) (federal courts may resolve fee disputes, as such disputes are part of the same "case or controversy" as the underlying litigation). Any such motion shall be filed within 14 days of the filing of the Defendants' notice that they have fully performed under the terms of the settlement agreement and delivered the proceeds of the settlement to Dickerson's counsel.

## IV

For the reasons stated herein, Dickerson's motions are DENIED.

*It is so ordered.*

Entered on July 5, 2016

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE

5