**E-FILED**
Wednesday, 03 August, 2016  03:36:11 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DERRELL DICKERSON,<br>        Plaintiff,<br><br>v.<br><br>ROCK ISLAND POLICE OFFICER<br>IBRAHIM RAMIREZ, CITY OF<br>ROCK ISLAND, SHERIFF OF ROCK<br>ISLAND COUNTY and COUNTY<br>OF ROCK ISLAND,<br>        Defendant. | Case No. 4:13-CV-04003-JEH |

## Order

Before the Court is Defendant City of Rock Island's and Officer Ibrahim Ramirez's ("City") oral motion for relief related to enforcement of the settlement agreement reached between the Plaintiff, Derrell Dickerson, and the Defendants. The Court GRANT's the Defendants' motion.

## I

On March 10, 2015, the Plaintiff filed his Amended Complaint in which he alleged that he was "unreasonably arrested" on February 17, 2011, injured by the arresting officer's "unreasonable force" used against him during the arrest, and then placed in the Rock Island County Jail from February 18, 2011 to February 20, 2011. Dickerson alleged that Defendant Officer Ramirez used excessive force when arresting him and that "[t]his misconduct was undertaken pursuant to the [Defendant] City of Rock Island's pervasive, long-standing, practices and customs relating to its officers' use of excessive and unreasonable force." (D. 41 at ECF p. 3). He also made three claims against the Sheriff of Rock Island County

(Sheriff) and the County of Rock Island (County) based upon the circumstances of his detention at the jail: 1) a violation of the Rehabilitation Act (RA); 2) a violation of the Americans with Disabilities Act (ADA); and 3) a violation of 42 U.S.C. § 1983.[1]

At the request of the parties, Magistrate Judge Stephen Jackson, Jr. held a settlement conference with all parties on March 1, 2016. At the conclusion of that settlement conference, the parties reported that the case was settled as to all Defendants. The material terms of the settlement agreements were stated on the record before Magistrate Judge Jackson and Dickerson stated on the record that he understood the material terms of the agreement, that he agreed to be bound be the terms of the agreement, and that he had discussed everything with his attorney.[2]

On March 28, 2016, Dickerson filed a Stipulation of Dismissal, dismissing all claims against the Sherriff and the County, pursuant to the settlement agreement. (D. 93). However, on May 26, 2016, Dickerson himself, *i.e.* not through counsel, filed a Motion to Withdraw Settlement as it relates to Officer Ibrahim and the City of Rock Island. (D. 96). Most of the motion is gibberish, but Dickerson legibly asserted that he was "miss led[sic] in this case." *Id.* Then, on May 31, 2016, Dickerson filed a Motion to Remove Attorney from his case. (D. 97). In that motion, he again asserts that his attorney "misled me." *Id.* He states that he did not want to "take this plea," that he owes Medicaid $27,000, and that he will only receive $7,000 from the settlement. *Id.* Dickerson filed a second Motion to Withdraw Attorney on June 15, 2016, which was also mostly gibberish, although he did reassert that he was misled by his attorney. (D. 100).

---

[1] The parties consented to the jurisdiction of a Magistrate Judge in this case. (D. 67).
[2] The facts surrounding the record made before Magistrate Judge Jackson come from the audio recording made of the hearing, which is part of the record in this case.

This Court held a hearing on all pending motions, with Dickerson personally present, on June 28, 2016. At that hearing, Dickerson made clear that the basis for all his motions was the existence of a Medicaid lien which, according to him, would reduce the amount of money he expected to receive from the settlement. Dickerson's counsel noted that at the settlement conference, counsel and Dickerson had agreed upon how the settlement proceeds would be divided between them. When the existence of the Medicaid lien became known, Dickerson's counsel began efforts to negotiate the amount of the lien down, or away entirely, but those efforts were stopped when Dickerson sought to remove his counsel.

This Court, in a written Order entered July 5, 2016, denied both Dickerson's motion to remove his counsel and his motion to withdraw from the settlement. In doing so, the Court found that, based upon the record made by Magistrate Judge Jackson, the settlement agreement between the Defendants and Dickerson was valid and enforceable.  The Court ordered the Defendants to tender payment to Dickerson's counsel within 30 days, pursuant to the terms of the settlement agreement reached. Upon tendering such payment, the Defendants would be released from any and all claims according to the terms agreed upon in the settlement agreement.  Additionally, upon tendering such payment, the Defendants were directed to file a Notice with this Court informing the Court that the Defendants had fully performed under the settlement agreement, at which time this Court would dismiss the case with prejudice.

On August 2, 2016, the Defendants requested a status conference call regarding its efforts to comply with this Court's Order of July 5, 2016. This Court held that status conference call, with counsel for the City and Ibrahim present, along with counsel for Dickerson. At the hearing, the Defendants informed the Court that Dickerson has refused, both personally and through his refusal to

cooperate with his counsel, to perform two actions necessary for the Defendants to complete their performance.   Specifically, the Defendants argued that, in breach of the settlement agreement, Dickerson has refused—despite repeated attempts--to complete an IRS W-9 form which is required before the City can issue a check to Dickerson. Secondly, as a condition of payment, Dickerson was required by the agreement to provide proof of final payment to Medicare, said agency having a lien in this case. Again, Dickerson has failed to provide such proof.   Consequently, in order to allow the Defendants to complete their performance under the agreement, they ask that this Court: 1) order Dickerson's counsel to verify Dickerson's Social Security number so that it can complete the paperwork necessary to issue Dickerson a check without the signed IRS W-9; and 2) allow the Defendants to make Medicare a payee on the check issued to Dickerson, to address any potential liability of the Defendants for issuing a check to Dickerson without proof that Medicare's lien has been satisfied.[3]

## II

As noted, this Court has already held that a valid, enforceable settlement agreement exists between the Defendants and Dickerson. This Court entered an order enforcing that agreement. Where necessary to effectuate that order enforcing the settlement agreement, this Court has the inherent power to fashion an alternative remedy to the specific terms of the agreement, where such alternative remedy is necessary to effectuate the terms of the settlement agreement.  *See, e.g. Cook v. Village of* Maywood, 1995 WL 124105 (N.D. Ill. March 20, 1995). In other words, Dickerson cannot defeat this Court's order enforcing the settlement agreeing by refusing to cooperate with his own counsel or the

---

[3] The facts in this paragraph are taken from the audio recording of the August 2, 2016 hearing.

Defendants' counsel to effectuate the terms of the enforceable settlement agreement into which he entered.

Accordingly, to effectuate the enforcement of the settlement agreement and allow the Defendants to complete their performance, the Court orders as follows:

1. Dickerson's counsel shall, on or before August 10, 2016, provide to Defendants' counsel verification of Dickerson's Social Security number so that the Defendants can complete the paperwork necessary to issue Dickerson a check without his signed IRS W-9;

2. The Defendants shall make Medicare a payee on the check issued to Dickerson, to address any potential liability of the Defendants for issuing a check to Dickerson without proof that Medicare's lien has been satisfied; and

3. Upon completion of the Defendants' performance under the terms of the settlement agreement and the alternative relief fashioned herein to effectuate that settlement agreement, the Defendants shall file a Notice with this Court informing the Court that the Defendants have fully performed.

Upon completion of the Defendants performance, this Court will dismiss the case with prejudice pursuant to the settlement agreement.

*It is so ordered.*

Entered on August 3, 2016

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE